## Office of Disciplinary Counsel v. Zell

Disciplinary Board Docket, no. 154 D.B. 2000.

PECK, *Member,* April 4, 2003—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On May 21, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Mary McNeill Zell, respondent. The petition charged respondent with violation of the Rules of Disciplinary Enforcement and Rules of Professional Conduct based on her failure to appear for a private reprimand.

Disciplinary hearings were held on October 17 and December 17, 2001, before Hearing Committee 1.08 comprised of Chair Robert I. Whitelaw, Esquire, and Members John S. Summers, Esquire, and Margarete Pawlowski Choksi, Esquire. Respondent appeared pro se and presented her own testimony.

The Hearing Committee filed a report on November 13, 2002, and found that respondent violated the rules as charged in the petition for discipline. The committee recommended that respondent be suspended for a period of one year and one day.

The parties did not take exception to the report of the committee.

This matter was adjudicated by the Disciplinary Board at the meeting of January 15, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

(2) Respondent was born in 1947 and was admitted to practice law in the Commonwealth of Pennsylvania in 1977. Her residence is 145 Carpenter Lane, Philadelphia, PA 19119. She is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) By letter dated November 30, 2000, Elaine M. Bixler, executive director and secretary of the Disciplinary Board, informed respondent that:

(a) Respondent had been previously advised of the complaint against her alleging violations of the Rules of Professional Conduct and that the investigation into the complaint had been completed;

(b) It had been determined that the matter be concluded by a private reprimand before the board, for violation of R.P.C. 1.3, 1.4(b), and 1.16(d);

(c) She would be notified in advance of the time and place for the next executive session of the board; and

(d) Respondent had the option of attending the private reprimand, which would be final, or of notifying the office of the secretary, in writing, within 20 days of the date of the letter, that respondent would not appear for the private reprimand and that she would like her case to be referred for institution of a formal proceeding pursuant to Pa.R.D.E. 208(a)(6) and D.B. Rule §87.54.

(4) Respondent was sent the November 30, 2000 letter by regular mail and certified mail, return receipt requested.

(5) Respondent received that letter.

(6) A copy of the November 30, 2000 letter was also hand-delivered to respondent at 8:35 a.m., December 8, 2000, by Robert M. Rancitelli, investigator, Office of Disciplinary Counsel, who personally handed the letter to Harold Zell, respondent's husband, at her home address, 145 Carpenter Lane.

(7) Respondent did not notify, in writing, the secretary of the Disciplinary Board within 20 days of the date of the letter that:

(a) she did not intend to appear for the private reprimand; or

(b) she wanted the board to institute formal proceedings.

(8) By notice to appear for private reprimand following informal proceedings, dated December 21, 2000, Ms. Bixler directed respondent to appear before the Disciplinary Board of the Supreme Court of Pennsylvania on Wednesday, January 17, 2001, 10:30 a.m., in the Pavillion I and II of the Ritz Carlton Hotel, 10 Avenue of the Arts (a/k/a 10 S. Broad Street), Philadelphia, PA.

(9) A copy of that notice to appear was hand-delivered to respondent at 9 a.m. on December 29, 2000, by Mr. Rancitelli, who personally handed the letter to respondent at her home address on Carpenter Lane.

(10) Respondent willfully failed to appear on January 17, 2001, for her scheduled private reprimand.

(11) By letter dated January 24, 2001, Board Chairman M. David Halpern:

(a) informed respondent that by notice dated December 21, 2000, she was advised of the hour and date when she was to appear before the Disciplinary Board for a private reprimand,

(b) informed respondent that section 87-53(b) of the Disciplinary Rules provides that "the neglect or refusal of the respondent-attorney to appear for the purposes of private reprimand without good cause shall constitute an independent act of professional misconduct and automatically result in the institution of formal proceedings"; and

(c) attached a copy of the notice and order of November 30, 2000.

(12) That letter was hand-delivered by Mr. Rancitelli at 8:55 a.m. on February 1, 2001, by personally handing the notice to respondent at her Carpenter Lane address.

(13) Thereafter, respondent failed to contact either the secretary of the Disciplinary Board or the Office of Disciplinary Counsel to inform them:

(a) that she did not wish to receive the private reprimand,

(b) that she wished to institute formal proceedings before a hearing committee; or

(c) of the reason(s) why she was not able to or did not attend the private reprimand on January 17, 2001.

(14) Respondent has been on inactive status since December 2000, due to failure to comply with continuing legal education requirements.

(15) Respondent has a prior history of discipline consisting of two informal admonitions in 1997 and a private reprimand in 2001.

## III. CONCLUSIONS OF LAW

(1) Respondent is conclusively deemed to have violated the following Rules of Professional Conduct as a result of her failure to demand the institution of formal proceedings on the underlying matter:

(a) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(b) R.P.C. 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(c) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest.

(2) As a result of her failure to appear before the Disciplinary Board for a private reprimand, respondent violated the following rules:

(a) Pa.R.D.E. 203(b)(2)—Willful failure to appear before the Disciplinary Board for a private reprimand shall be grounds for discipline.

(b) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline which charges that respondent failed to appear for a private reprimand in violation of Pa.R.D.E. 203(b)(2) and R.P.C. 8.4(d). The petition further charges that respondent is deemed to have violated R.P.C. 1.3, 1.4(b), and 1.16(d) as a result of her failure to request the institution of formal proceedings on the underlying case. Respondent is currently on inactive status in Pennsylvania, having been so transferred by order of the Supreme Court of Pennsylvania on December 30, 2000, for failure to meet her continuing legal education requirements.

At the disciplinary hearing on October 17, 2001, the parties stipulated to the rule violations charged in the petition. Respondent testified that she was experiencing personal problems which contributed to her professional difficulties. Shortly before the hearing, she saw Dr. Winston Collins who was referred to her by Lawyers Concerned for Lawyers. He suggested ongoing therapy and medication. At the hearing, respondent stated her interest in seeking professional help in order to overcome these problems and re-establish her legal practice. Petitioner recommended to the committee that a sanction of

a private reprimand with conditions would be appropriate. As a result of respondent's testimony and petitioner's recommendation, the Hearing Committee left the record open for 60 days. The purpose was to allow respondent the opportunity to pursue treatment, to have the treating doctor submit a report or appear to testify, and to allow petitioner and respondent to formulate proposed conditions to attach to a private reprimand, if the committee was inclined to recommend such a sanction.

A second hearing was held on December 17, 2001. Respondent testified that she did not follow through on seeking treatment from Dr. Collins as she had no insurance coverage. She contacted Lawyers Concerned for Lawyers one business day prior to the hearing about the possibility of financial aid. Respondent was not in contact with petitioner regarding the preparation of the conditions, although petitioner called her three times to schedule a meeting. Respondent was given the opportunity by the committee to append to her brief a doctor's report from Dr. Collins, but she failed to file a brief.

The record presents a picture of a troubled attorney who is unable to take the necessary steps to comply with the disciplinary system and re-establish her legal practice. Starting with respondent's failure to appear for her private reprimand and continuing with her failure to take advantage of the opportunities given her by petitioner and the Hearing Committee to get help for herself, respondent has demonstrated that she is not able nor fit to practice law at this time. Respondent admits that she has personal problems and professes that she wants help to solve them but has done nothing so far to address the situation. Petitioner was very accommodating to respondent and made sincere efforts to get her professional help, but respondent disregarded these efforts.

The Hearing Committee recommended a suspension of one year and one day so that respondent would be required to establish she is fit to practice law. The board agrees with this assessment. While respondent's underlying misconduct is not serious and may not have warranted a suspension, her actions clearly show that she is in no position at present time to handle the responsibilities associated with the practice of law.

The board recommends that respondent be suspended for a period of one year and one day, retroactive to November 18, 2002.[1]

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Mary McNeill Zell, be suspended from the practice of law for a period of one year and one day, retroactive to November 18, 2002.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Iole, Stewart and McLaughlin recused in this matter.

Board Member Sheerer did not participate in the January 15, 2003 adjudication.

## ORDER

And now, June 4, 2003, upon consideration of the report and recommendations of the Disciplinary Board

---

1. By order of the Supreme Court of Pennsylvania dated November 18, 2002, respondent was placed on temporary suspension from the practice of law.

112

dated April 4, 2003, it is hereby ordered that Mary McNeill Zell be and she is suspended from the bar of this Commonwealth for a period of one year and one day, retroactive to November 18, 2002, and she shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.